FILED
2021 Jan-27  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

ANGELA BOYD,     )
          )
  Plaintiff,     )
          )  CV No.:_____
v.           )
          )
STI ELECTRONICS, INC.   )
          )
  Defendant.    )

## COMPLAINT

**COMES NOW**, the Plaintiff, Angela Boyd, and files this Complaint for discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.,* as amended by the ADA Amendments Act of 2008 ("ADAAA"), against Defendant STI Electronics, Inc. As grounds for her Complaint, Plaintiff shows this Court the following:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12101 *et seq.*

2. Plaintiff has fulfilled all conditions precedent to the bringing of this action under the ADA. Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on October 30, 2019. (EEOC Complaint attached as Exhibit 1). Plaintiff was issued a Notice of Right to

Sue from the EEOC on November 2, 2020 (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3.      The Defendant STI Electronics, Inc., is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is a citizen of the United States and a resident of the state of Alabama.  At all times material to this lawsuit, Plaintiff was over the age of nineteen (19) and employed by Defendant in this judicial district.

5.      Defendant STI Electronics, Inc. is a domestic corporation formed in Madison County, Alabama.  Defendant regularly conducts business and employs workers within this judicial district and division.  At all times material to this action, Defendant employed Plaintiff.   Defendant is an entity subject to suit under the ADA and FMLA.  Upon information and belief, Defendant collectively employs less than 100 individuals

## FACTS

6.      STI Electronics, Inc. ("Defendant" or "STI") manufactures electronic devices for defense, medical, industrial, automotive and energy industries.

7.      In or around August 2000, plaintiff was hired by Defendant.

8.      Since hire, plaintiff has been continuously and exclusively employed by STI in a variety of positions.

9.      As of 2019, plaintiff was working in Logistics/Planning as part of the engineering services group.

10.     Plaintiff's job duties included serving as a a logistics account manager; being the primary customer contact; preparing quotes and orders; handling customer purchases; invoicing; and shipping.

11.     In 2019, plaintiff reported directly to Mark McMeen, the Vice President of Engineering Services.

12.     Many employees in the engineering services group work an alternative schedule.

13.     Plaintiff worked an alternative schedule with a start time of 6:30 a.m.

14.     In March 2019, plaintiff began experiencing symptoms consistent with a serious medical condition.  These symptoms included swelling in the feet and ankles, elevated blood pressure, fatigue

15.     Defendant was aware of plaintiff's medical condition.

16.     Between March and April of 2019, plaintiff missed some time from work due to her medical condition.

17.     Plaintiff's absences cannot be classified as unpredictable, loss time, or "no call, no shows."

18.     Plaintiff always notified her manager of her need to miss work.

19.     Plaintiff either used her paid time off or made up the missing time to account for her absence.

20.     In March 2019, plaintiff met with Diana Bradford, STI Vice President of Operations, because Ms. Bradford wanted to know why plaintiff was working an alternative schedule.  Plaintiff advised Ms. Bradford that pursuant to discussions with Mark McMeen and his approval, she was working the alternative schedule. Plaintiff was led to believe that her work schedule would remain the same.  During this meeting, there was no mention of any allegations that plaintiff had a poor work performance or attendance issues.

21.     Ms. Bradford later instructed plaintiff to begin her workday at 5:30 a.m.

22.     Shortly thereafter, plaintiff's condition worsened, and her doctor took her off work.

23.     Subsequently, plaintiff was placed on FMLA leave and approved for both short-term and long-term disability.

24.     Plaintiff was on medical leave in order to receive treatment for her condition from April 11, 2019 to July 15, 2019.

25.     During this three-month period, plaintiff received the definitive diagnosis of pseudotumor cerebri.

4

26.     As a result of pseudotumor cerebri, spinal fluid will build up in the brain increasing the intracranial pressure and reproducing tumor like effects.

27.     Plaintiff suffers from a serious medical condition.

28.     Plaintiff receives medical treatment for her condition.

29.     Defendant was aware of plaintiff's condition and disability.

30.     While on leave, plaintiff was frequently contacted by STI employees who needed assistance performing the job duties associated with plaintiff's position. Plaintiff provided assistance to these employees.

31.     While she was off work, STI moved plaintiff from the engineering group to the manufacturing group.  Chris Cosgray was plaintiff's new manager.

32.     On or about July 15, 2019, plaintiff was released to return to work with the following restriction only 40 hours of work per week.

33.     Plaintiff returned to work.

34.     Upon her return to work, Plaintiff met with Mark McMeen, Chris Cosgray, and STI owner David Raby to discuss the personnel changes that occurred during plaintiff's medical leave and the process for transitioning responsibilities back to plaintiff.

35.     Plaintiff was able to perform the essential job functions of her position with reasonable accommodations, such as continuation of her alternative work schedule.

36.   After returning to work for one week, plaintiff had additional medical treatment and symptoms that were interfering with her ability to perform major life activities.

37.   On July 25, 2019, plaintiff's treating physician added additional restrictions noting that plaintiff will need a flexible work schedule, she is restricted to 40 hours of work per week and will need time off for treatment and rest.

38.   Plaintiff provided STI with documentation from her doctor.

39.   Plaintiff was able to perform the essential functions of her job with reasonable accommodation(s), such as time off for medical appointments, continuation of her alternative work schedule, etc.

40.   When plaintiff returned from medical leave, STI began targeting, singling out, and harassing plaintiff on the basis of her disability.

41.   Approximately two weeks after returning to work, plaintiff was instructed to provide STI with documentation for her doctors' appointments.

42.   Prior to July 2019, plaintiff has never been required to provide notes and/or other documentation to STI regarding her doctor's appointment.

43.   From that point forward, plaintiff began providing STI with documentation for any medical appointments she attended.

44.   STI instructed plaintiff to also provide documentation for all of her previous medical appointments.

45.     Other employees with a disability, out sick, or on FMLA leave were not required to provide documentation for medical appointments.

46.     STI continued to delegate plaintiff's job duties to other employees.

47.     Plaintiff was able to perform the essential job functions of her position with reasonable accommodations.

48.     Plaintiff requested that STI provide her with reasonable accommodations, including but not limited to, time off work for doctor's appointments and the ability to continue working the same alternative schedule she had been working for over two years.

49.     STI failed to provide plaintiff with reasonable accommodations.

50.     On August 15, 2019, plaintiff met with Ms. Bradford to discuss the status of her condition, the letter from her doctor, the status of documentation regarding medical appointments and her alternate schedule.

51.     Plaintiff advised Ms. Bradford that there was a possibility she would need leg surgery and surgery to place a stent in her brain.

52.     Ms. Bradford told plaintiff that she needed to work the same hours as manufacturing and thus, begin her workday at 5:30 a.m.

53.     Plaintiff advised Ms. Bradford that due to her condition it would be difficult to start work at 5:30 a.m.

54.    Plaintiff requested that STI provide her with the reasonable accommodation of working the same alternative work schedule that she had been working since 2017.

55.    Additionally, plaintiff requested the reasonable accommodation of working from home.

56.    Plaintiff's request for a reasonable accommodations was denied.

57.    Prior to July 2019, plaintiff did not have any disciplinary issues or performance related issues.

58.    After returning to work, STI management asserted that plaintiff had significant performance and attendance issues.

59.    Plaintiff was never reprimanded by her direct manager for attendance or performance problems.

60.    Plaintiff maintains that her job performance has always met expectations and she was able to perform the essential functions of her job with reasonable accommodation(s).

61.    On or about October 1, 2019, plaintiff requested an ergonomic chair as a reasonable accommodation.

62.    STI failed to provide plaintiff with any of the   reasonable accommodation(s) requested.

63.    On October 9, 2019, STI terminated plaintiff.

64.     As a pretext for plaintiff's termination, STI told plaintiff that her failure to report to work as scheduled and perform work as expected was the cause of her termination.

65.     Plaintiff maintains that any allegation of attendance or performance issues are pretextual.

66.     STI's true reason for terminating plaintiff, under a guise of poor performance and attendance, was to terminate plaintiff on the basis of her disability.

67.     At the time of plaintiff's termination, she was instructed by STI management to "call us once you get well."

68.     On at least one occasion, Plaintiff was getting ready to leave for a doctor's appointment when Ms. Bradford called her into the office and remarked "you're going to the doctor again?"

69.     STI terminated plaintiff on the basis of her disability in violation of the American's with Disabilities Act.

70.     Plaintiff alleges that she is a qualified person with a disability and could have performed her job with reasonable accommodation.

71.     Plaintiff asserts that she was replaced by a non-disabled individual.

72.     The employee hired to replace plaintiff does not work the same schedule as manufacturing.  This individual works five 8-hour shifts from 7:00 a.m. to 4:00 p.m.  This employee has also been allowed to work from home.

73.   Plaintiff was subjected to discrimination that materially altered the terms and conditions of her employment with STI.   Plaintiff was subjected to disparate treatment by being terminated on account of her disability.

## COUNT ONE – DISABILITY DISCRIMINATION

74.   Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

75.   This is a claim to redress the unlawful employment practices of disability discrimination conducted by defendant's agents and employees and ratified by the defendant.

76.   Plaintiff is protected from unlawful discrimination on the basis of disability pursuant to  the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* as amended by the ADA Amendments Act of 2008.

77.   The plaintiff is a disabled person as defined by the ADA in that (a) she has a physical or mental impairment that substantially limits one or more of her major life activities; (b) she has a record of such impairment; and/or (c) she is regarded as having such an impairment.

78.   Plaintiff was able to perform the essential functions of her job with Defendant with or without reasonable accommodation.

79.     By reason of the acts or omissions alleged in this Complaint, Defendant discriminated against Plaintiff on the basis of her disability, subjected her to adverse treatment disparate from non-disabled employees, and materially altered the terms and conditions of her employment in violation of the ADA.

80.     Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA.

81.     Defendant subjected Plaintiff to unlawful discrimination on the basis of her disability by terminating her employment in violation of the ADA.

82.     Defendant subjected Plaintiff to unlawful discrimination by failing to provide reasonable accommodation in violation of the ADA and/or by retaliating against Plaintiff because of her disability.

83.     Defendant's articulated reasons for the termination is mere pretense.

84.     Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA.

85.     Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant STI Electronics, Inc. for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be

determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT TWO –ADA - FAILURE TO ACCOMMODATE

86.    Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

87.    This is a claim to redress the unlawful employment practices of disability discrimination conducted by defendant's agents and employees and ratified by the defendant.

88.    Plaintiff is protected from unlawful discrimination on the basis of disability pursuant to  the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* as amended by the ADA Amendments Act of 2008.

89.    The plaintiff is a disabled person as defined by the ADA in that (a) she has a physical or mental impairment that substantially limits one or more of her major life activities; (b) she has a record of such impairment; and/or (c) she is regarded as having such an impairment.

90.    Plaintiff was able to perform the essential functions of her job with Defendant with or without reasonable accommodation.

91.    Plaintiff requested reasonable accommodations that would not have caused undue hardship to the employer.

92.     Defendant refused to grant Plaintiff said reasonable accommodations and refused to engage in an interactive process; instead, Defendant terminated Plaintiff and replaced her with a non-disabled individual.

93.     Defendant's articulated reasons for the termination is mere pretense.

94.     Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA.

95.     Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant STI Electronics, Inc. for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT THREE –ADA - RETALIATION

96.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

97.     This is a claim to redress the unlawful employment practices of disability discrimination conducted by defendant's agents and employees and ratified by the defendant.

98.    Plaintiff is protected from unlawful discrimination on the basis of disability pursuant to  the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* as amended by the ADA Amendments Act of 2008.

99.    The plaintiff is a disabled person as defined by the ADA in that (a) she has a physical or mental impairment that substantially limits one or more of her major life activities; (b) she has a record of such impairment; and/or (c) she is regarded as having such an impairment.

100.   In response to Plaintiff's requests for reasonable accommodation of her disability, Defendant retaliated against Plaintiff as described herein.

101.   Defendant retaliated against Plaintiff for her exercise of rights under the ADA by taking adverse employment actions that affected the terms, conditions, and privileges of plaintiff's employment.

102.   Defendant's articulated reasons for the adverse employment actions is mere pretense.

103.   Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA.

104.   Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant STI Electronics,  Inc. for all nominal damages, compensatory damages, attorney's fees,

costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,

Jay E. Emerson, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
emerson@higgsandemerson.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

OF COUNSEL

**Copy Served Upon:**

STI Electronics, Inc.
c/o David Raby
120 Tribble Drive
Madison, AL 35758

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☐ EEOC | |

_____ and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Angela Boyd | 256-933-3051 | 74 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| , Huntsville, AL 35811 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| STI Electronics, Inc. | | 256-461-9191 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 261 Palmer Road, Madison, AL 35758 | | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____   Latest _____

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

PLEASE SEE ATTACHED

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| 11/1/2019    *Angela Boyd* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

PLAINTIFF'S EXHIBIT 1

## EEOC Complaint

Re:   Angela Boyd

My name is Angela Boyd and I have personal knowledge of the facts contained in this statement.  I have been a long-time employee of STI Electronics, Inc., that is an employee for more than 20 years.  At no time during my employment did I have any disciplinary issues or performance related issues.  Earlier this year, I had a severe medical condition that was ultimately diagnosed as Pseudotumor Cerebri.  The symptoms of this condition existed before the diagnosis, however, I was off work for approximately 3 months related to these symptoms.  Once I returned to work, I had additional medical treatment and symptoms that were interfering with my ability to perform the job.  I made specific request for an accommodations which were denied.

Shortly after receiving a diagnosis of my condition, which results in a build up of spinal fluid in and around the brain that causes tumor like affects, I was summarily discharged from my position.

At the time of my termination, I was told by my employer to give them a call once I had made sufficient recovery or was well.    I do not believe there was a legitimate factual basis, based on any business reason, to terminate my services but instead believe that I was terminated because I had a serious medical condition that may require additional medical treatment and may include periods of time that I would be off work.  Based on my belief, I am asserting a claim based on the violation of the ADA and am seeking reinstatement, backpay, front-pay, lost wages, damages for emotional distress and attorney's fees.

ANGELA BOYD

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 30TH DAY OF OCTOBER, 2019.

NOTARY PUBLIC

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Angela Boyd**
    **Huntsville, AL 35811**

From:  **Birmingham District Office**
    **Ridge Park Place**
    **1130 22nd Street South**
    **Birmingham, AL 35205**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-00441 | MICHELE R. HARRIS, Investigator | (205) 651-7044 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*for*  James E. Love Sr

**BRADLEY A. ANDERSON,**
**District Director**

NOV 0 2 2020

(Date Mailed)

Enclosures(s)

cc:  **STI ELECTRONICS, INC.**
    **c/o Whitney Brown**
    **Lehr Middlebrooks Vreeland & Thompson**
    **2021 Third Avenue North**
    **Birmingham, AL 35203**

    **Jay E. Emerson, Jr.**
    **HIGGS & EMERSON**
    **405 Franklin Street**
    **Huntsville, AL 35801**



PLAINTIFF'S EXHIBIT 2

Enclosure with EEOC
Form 161 (11/16)

## Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years) before you file suit</u>** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | 420-2020-00441 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Angela Boyd | 256-933-3051 | 09/28/74 |

Street Address    City, State and ZIP Code
233 Bonaire Drive, Huntsville, AL 35811

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| STI Electronics, Inc. | | 256-461-9191 |

Street Address    City, State and ZIP Code
261 Palmer Road, Madison, AL 35758

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

PLEASE SEE ATTACHED

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

### EEOC Complaint

Re:   Angela Boyd

My name is Angela Boyd and I have personal knowledge of the facts contained in this statement.  I have been a long-time employee of STI Electronics, Inc., that is an employee for more than 20 years.  At no time during my employment did I have any disciplinary issues or performance related issues. Earlier this year, I had a severe medical condition that was ultimately diagnosed as Pseudotumor Cerebri.  The symptoms of this condition existed before the diagnosis, however, I was off work for approximately 3 months related to these symptoms.  Once I returned to work, I had additional medical treatment and symptoms that were interfering with my ability to perform the job.  I made specific request for an accommodations which were denied.

Shortly after receiving a diagnosis of my condition, which results in a build up of spinal fluid in and around the brain that causes tumor like affects, I was summarily discharged from my position.

At the time of my termination, I was told by my employer to give them a call once I had made sufficient recovery or was well.    I do not believe there was a legitimate factual basis, based on any business reason, to terminate my services but instead believe that I was terminated because I had a serious medical condition that may require additional medical treatment and may include periods of time that I would be off work.  Based on my belief, I am asserting a claim based on the violation of the ADA and am seeking reinstatement, backpay, front-pay, lost wages, damages for emotional distress and attorney's fees.

ANGELA BOYD

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 30TH DAY OF OCTOBER, 2019.